George Andrews, J.,
delivered the opinion of the Court.
This is an appeal by the plaintiff from the judgment of the Circuit Court of Davidson County, dismissing a proceeding taken against the defendant Althrop, for an alleged violation of an ordinance of the City of Nashville. The ordinance in question is as follows:
*556 “SbctioN I. Be it enacted by the Qity Gouneil of Nashville: That tbe business of selling goods by sample in this city shall be considered a separate avocation; and any person pursuing the same, shall first obtain from the City Recorder, a license, for which he shall pay the sum of three hundred dollars per annum, and usual fees; and said dealer shall, in addition, give bond in the sum of five thousand dollars, with two securities resident in the County of Davidson, that he will, at the end of each month, or less, render a sworn statement of the amount of his sales within the city during said month; and for the payment to the Recorder for the use of the city, of a tax of one per cent, upon all such sales.
“Sec. 2. That all merchants of other cities, and their agents, and all other non-residents of the city, whether manufacturers, merchants, or other dealers, who may offer goods for sale in this city, whether it be by sample or representation, or the taking of orders for goods to be shipped or hauled to this city, shall be required to take out license, and give bond as provided for in the first section of this Act: Provided, That this Act shall not be so construed as to interfere with, or impose any additional tax upon the sale of agricultural products by farmers and marketers, or any additional tax or disability upon merchants of this city.
“Sec. 8. That any parties violating any of the provisions of this Act, shall, upon conviction, be subject to a fine of fifty dollars for each offense; and that all laws and parts of laws conflicting with this Act, are hereby repealed.”
*557 The defendant Althrop was arrested for a violation of the above ordinance; and on trial before the Recorder of Nashville was fined fifty dollars, and the costs in each of two separate cases. Erom these judgments he appealed to the Circuit Court of Davidson County, where the causes were submitted to the Court upon an agreed statement of facts, of which the following is a copy:
“Defendant is the agent of a New York firm, dealers in varnish, etc. . He came to Nashville about the time of his arrest — a day or so before — with samples of varnish and a list of prices. His errand here was to exhibit his samples to parties, and to procure from them orders for varnish, etc. He did so exhibit his samples and lists of prices and did procure orders in two cases, from Nashville parties, for the articles in which his firm dealt. It is also admitted that the defendant had no license.”
Upon this state of facts the Circuit Court dismissed the cause and discharged the defendant; and from this judgment, the Mayor and City Council appealed to this Court.
Various objections are urged to this proceeding against the defendant; but we shall confine our discussion and decision to the question as to the validity of the above ordinance, under our Constitution, and the power and authority granted to the Common Council of the City of Nashville.
The Constitution of this State provides, Art. 2, sec. 28: “No one species of property from which a tax may be collected shall be taxed higher than any other *558 species of property of equal value. But the Legislature shall have power to tax merchants, peddlers and privileges in such manner as they may, from time to time, direct.”
“Sec, 29. The General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for county and corporation purposes, respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to State taxation.”
The charter of the City of Nashville authorizes the municipal authorities to “license, tax, and regulate autioneers, grocers, merchants, retailers, taverns, brokers, hawkers, peddlers, etc,” and “to levy and collect taxes upon all privileges, taxable by law for State purposes.”
Under these constitutional and legislative provisions, there can be no doubt as to the right of the municipal authorities of the City of Nashville, to impose a reasonable tax upon the mercantile privilege within the corporate limits. And such tax need not be imposed in the precise mode adopted by the Legislature in regard to State taxation: Adams vs. Mayor and Aldermen of Somerville, 2 Head, 363; Mayor and Alderman of Columbia vs. Beasley, 1 Hum., 232.
But the authority conferred upon the municipal authorities of Nashville cannot enable them to create a privilege for the purpose of taxing it; or to discriminate between, persons exercising the same privilege, by imposing a tax upon one class, at a higher rate in a different mode, or upon other principles, than are ap *559 plied to the exercise of the same privilege by others. Their power to tax privileges goes no further than the delegation in their charter; and any attempt to impose other or heavier burdens upon a portion of those exercising the same privilege than are imposed upon the others, would be void, as being beyond their granted powers, and as an exercise of partial legislation.
The defendant in this case, upon the agreed facts, is liable to taxation, if at all, as a “merchant,” and upon the exercise of the mercantile privilege; and we are compelled to hold, that any attempt on the part of the plaintiff corporation to discriminate between different classes of merchants in the mode or rate of taxation, is beyond the delegated corporate powers, and void. He can be held liable to taxation as a merchant, under the general laws of the State, or of the municipality, in the same manner and to the same extent as all other merchants exercising their privileges within the corporate limits; but not otherwise, or farther than they. “A statute would not be constitutional which should proscribe a class or a party, for opinion’s sake, or which should select particular individuals from' a class or locality, and. subject them to peculiar rules, or impose upon them special obligations or burdens, from which others in the same locality or class, are exempt.” Cooley’s Const. Lim., 390. We think, for these reasons, that the municipal ordinance in question, inasmuch as it attempts to create a discrimination in the matter of taxation between merchants selling by sample, and those doing business in a different manner, is without' authority, and void.
*560 The above remarks apply to the whole of the mandatory portion of the ordinance. But the second section of the ordinance is open to a further objection, more obvious and insurmountable, if possible, than the one above mentioned. This section discriminates between merchants, manufacturers, and other dealers, residing without the limits of Nashville, and members of the same classes residing in the city; and assumes to lay down a special rate of taxation for the former class. This certainly cannot be done, and would be equally beyond the authority of either the State or the municipal legislature. This point has been often adjudged -in this State and elsewhere, and extended discussion would be superflous now. The question is fully and ably treated in Budd vs. The State, 3 Hum,, 483; Wally’s Heirs vs. Kennedy, 2 Yer., 554; Officer vs. Young, 5 Yer., 320; Jones vs. Perry, 10 Yer., 59, and other cases there cited. It would be difficult, to point out or suggest a more objectionable instance of partial legislation than is exhibited by the ordinance in .question.
The judgment of the Circuit Court must be affirmed.